UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN SCANNELL,<br><br>              Plaintiff,<br><br>   v.<br><br>WASHINGTON STATE BAR ASSOCIATION, et al.,<br><br>              Defendants. | CASE NO. C18-5654 BHS<br><br>ORDER DECLINING TO REASSIGN AND REFERRING PLAINTIFF'S MOTION TO CHIEF JUDGE |

This matter comes before the Court on Plaintiff John Scannell's ("Scannell") motion to reassign case (Dkt. 7) and motion for temporary restraining order ("TRO") (Dkt. 8). The Court has considered the pleadings filed in support of the motions and the remainder of the file and hereby declines to reassign for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On October 13, 2018, Scannell filed a complaint against numerous defendants, including the United States District Court for the Western District of Washington ("WAWD"). Dkt. 1. Although Scannell's complaint is 190 pages, he basically alleges

that it is unconstitutional to require him to be a member of the Washington State Bar Association in order to run for a Washington Supreme Court position.

On September 6, 2018, Scannell filed a motion to reassign and noted it for consideration on the Court's September 14, 2018 calendar. Dkt. 7. Assuming that the motion was a second Friday motion, the Court waited for a response "no later than the Wednesday before the noting date." Local Rule CR 7(d)(2).[1] No defendant responded.

Scannell also filed a motion for temporary restraining order requesting that the Court order Washington to place his name on the ballot for the Washington State Supreme Court position 2. Dkt. 8 at 14.

## II. DISCUSSION

**A. Motion to Reassign**

Scannell moves the Court to transfer this matter to the Chief Judge of the Ninth Circuit Court of Appeals so that it may be reassigned to an out-of-state judge. Dkt. 7 at 1. Scannell asserts that his request is "in line with the current practice in the ninth circuit concerning similar suits." *Id*. While Scannell is correct that similar cases were automatically reassigned in the past, the current practice is to deny such motions because the allegations forming the basis to recuse are frivolous. *See*, *e.g.*, *Block v. Washington State Bar Ass'n*, C18-907 RSM, 2018 WL 3390466, at *1 (W.D. Wash. July 12, 2018) ("the argument that judges who are members of the WSBA cannot hear this case has been

---

[1] Although the Clerk renoted the motion as a third Friday motion, the Court sees no need in delaying consideration of the merits.

addressed and disregarded in Ms. Block's prior lawsuits and will not be addressed ad nauseum in subsequent vexatious litigation.").

Scannell's allegations are similar to Block's, but Scannell has added the WAWD as a defendant. He alleges as follows:

> The Western District of Washington of the United States District Court is a court in which most, if not all of the judges were members of the Washington State Bar Association. This court has a history of allowing judges to participate in cases involving the Washington State Bar in spite of the fact that as members, they are jointly and severally responsible for its debts.

Dkt. 1, ¶ 1.19. Scannell theory of liability is that any member of an association, such as the WSBA, is individually liable for the debt of the association. This contention is not supported by citation to any controlling legal precedent and ignores RCW 2.48.010, that created the Washington State Bar Association as an agency of the state. Moreover, Scannell provides no basis for a claim against the WAWD when the judges act in their official capacity. Therefore, Scannell's claim is frivolous, and the undersigned declines to recuse.

To the extent that Scannell's motion is based on the undersigned's membership in the WSBA, the Court need not repeat the reasons that argument has been repeatedly rejected by other judges in this court. *See*, *e.g.*, *Block v. Washington State Bar Ass'n*, C18-907RSM, Dkt. 25 (W.D. Wash Feb. 24, 2016).

Under this court's Local Rules, this motion is first reviewed by the challenged judge and then referred to the Chief Judge for review. Local Rule CR 3(f). Having declined to recuse, the Clerk shall refer this motion to the Chief Judge for further review.

**B.      Motion for TRO**

If the Chief Judge denies Scannell's motion to reassign, then the Court will set a briefing schedule and most likely a hearing date for Scannell's TRO.

### III.  ORDER

Therefore, it is hereby **ORDERED** that the undersign declines to reassign.  The Clerk shall refer Scannell's motion to reassign (Dkt. 7) to the Chief Judge for further consideration.

Dated this 13th day of September, 2018.

BENJAMIN H. SETTLE
United States District Judge