UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN SCANNELL,

    Plaintiff,

    v.

WASHINGTON STATE BAR ASSOCIATION, *et al.*,

    Defendants.

CASE NO. C18-5654 BHS

ORDER AFFIRMING ORDER DECLINING TO REASSIGN

This matter comes before the Court on Plaintiff's Motion and Declaration to Assign an Out of State Judge to Case. Dkt. #7. Plaintiff has sued the Washington State Bar Association ("WSBA") and alleges that it has "denied him his civil rights by requiring him to join the Washington State Bar Association as a precondition for running for Washington State Supreme Court Justice and as a precondition for practicing law in the state of Washington." Dkt. #7 at 1. Plaintiff has also sued the United States District Court for the Western District of Washington ("WAWD") "because the individual judges are all members of the Washington State Bar Association during relevant time periods." *Id.* Plaintiff argues that because the judges of the WAWD are members of the WSBA, they are "individually liable for suits against the organization as a whole." *Id.* at 2. United States District Judge Benjamin H. Settle denied

ORDER – 1

Plaintiff's Motion to have the case reassigned. Dkt. #12. In accordance with the Local Rules of this Court, the matter was then referred to the undersigned for review. LCR 3(f).

Pursuant to 28 U.S.C. § 455(a), a "judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Federal judges also shall disqualify themselves in circumstances where they have "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Further, section 144 of title 28 of the United States Code provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980).

Plaintiff has not alleged any behavior that demonstrates apparent bias towards him. Rather, Plaintiff's Motion is premised upon the belief that members of the WSBA "are jointly

ORDER – 2

and severally responsible for its debts." Dkt. #1 at ¶ 1.19. As Judge Settle noted, Plaintiff cites no controlling legal precedent that supports that presumption. Dkt. #12 at 3. Plaintiff also appears to sue this Court based on actions taken by its judges in their official capacity, a suit that is precluded. *See*, *Forrester v. White*, 484 U.S. 219 (1988) (noting purposes of judicial immunity). Plaintiff fails to establish bias or prejudice.

Plaintiff relies on prior cases where judges from other districts were assigned to hear cases against the WSBA. Dkt. #7 at 1–2. But this approach is out of sync with this Court's more recent decisions putting to rest the question of whether the judges of this District may hear cases against the WSBA. *See Block v. Washington State Bar Ass'n*, C15-2018RSM Dkt. #25 (W.D. Wash. Feb. 24, 2016) (rejecting the same arguments Plaintiff advances and concluding that membership in a bar association does not create a potentially disqualifying conflict); *Block v. Washington State Bar Ass'n*, C18-907RSM Dkt. #62 (W.D. Wash. July 12, 2018) ("the argument that judges who are members of the WSBA cannot hear this case has been addressed and disregarded in . . . prior lawsuits and will not be addressed ad nauseum in subsequent vexatious litigation"). Plaintiff has not made any new arguments that would lead to a different conclusion here.

Accordingly, the Court finds and ORDERS that Judge Settle's Order Declining to Reassign and Referring Plaintiff's Motion to Chief Judge (Dkt. #12) is AFFIRMED.

DATED this 9th day of October 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3