UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN SCANNELL,

        Plaintiff,

v.

WASHINGTON STATE BAR ASSOCIATION, et al.,

        Defendants.

CASE NO. C18-5654 BHS

ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND/OR INJUNCTION

This matter comes before the Court on Plaintiff John Scannell's ("Scannell") motion for a temporary restraining order and/or injunction. Dkt. 8.

On August 13, 2018, Scannell filed a 180-page complaint against numerous defendants asserting numerous claims. Dkt. 1. Scannell's claims are based on his desire to run for a position on the Washington Supreme Court. On May 18, 2018, Scannell submitted his application to Kim Wyman, Washington's Secretary of State. *Id.* ¶ 2.10. On May 21, 2018, Elector Karen Unger ("Unger") filed a challenge to Scannell's application in Thurston County Superior Court for the State of Washington. Unger argued that Scannell was not eligible to run for a Supreme Court position because he had

been disbarred from the Washington State Bar Association. *Id.* ¶ 2.11. On June 1, 2018, Thurston County Judge Chris Lanese ruled that Scannell was not eligible and ordered that his name be removed from the ballot throughout Washington. *Id.* ¶ 2.13.

On September 6, 2018, Scannell filed the instant motion and noted it for consideration on the Court's September 14, 2018 calendar. Dkt. 8. Although Scannell stated that the motion was for a temporary restraining order on the electronic docket, his actual motion requests an injunction. *Id.* Thus, Scannell fails to clearly articulate exactly what type of relief he is pursuing with this motion. On September 13, 2018, Unger filed a motion to continue Scannell's motion. Dkt. 10.[1] That same day, Defendants Mary Fairhurst, Steven Gonzalez, Charles Johnson, Chris Lanese, Barbara Madsen, Sheryl Gordon-McCloud, Susan Owen, the State of Washington, Debra Stephens, Charles Wiggens, Kim Wyman, and Mary Yu ("Defendants") responded. Dkt. 14.

A plaintiff seeking preliminary relief must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal citation omitted).

---

[1] The Court denies the motion as moot because, based on the processing of Scannell's motion to reassign the case, all parties have had sufficient opportunity to respond to Scannell's motion.

In this case, Scannell has failed to carry his burden on multiple factors. Defendants argue that Scannell is bringing a collateral attack of a state court judgment that is barred by the *Rooker-Feldman* doctrine. Dkt. 14 at 6–9. While the Court agrees that at least some, if not all, of Scannell's claims constitute a collateral attack, the Court need not address Scannell's likelihood of success on the merits because his motion fails on the other factors. For example, the balance of equities does not tip in his favor because of his extended delay in filing this motion. Scannell possessed at least constructive, if not actual, knowledge that the State printed the election ballots on August 31, 2018. Yet, Scannell filed this motion one week after that date. As such, it would be inequitable to enjoin the State from distributing these ballots based on Scannell's late challenge to the removal of his name from those ballots. Moreover, Scannell fails to show that the public has an interest in addressing these issues in this manner. Based on the current record, it appears that the State has a timely, efficient procedure for contesting election applications and eligibility concerns. Issuing an injunction at this late a date would undermine that interest. Therefore, the Court **DENIES** Scannell's motion.

**IT IS SO ORDERED**.

Dated this 16th day of October, 2018.

BENJAMIN H. SETTLE
United States District Judge