UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN SCANNELL, <br><br>               Plaintiff, <br><br>   v. <br><br>WASHINGTON STATE BAR ASSOCIATION, et al., <br><br>               Defendants. | CASE NO. C18-5654 BHS <br><br> ORDER DECLINING TO DISQUALIFY AND REFERRING PLAINTIFF'S MOTION TO CHIEF JUDGE |

This matter comes before the Court on Plaintiff John Scannell's ("Scannell") motion to disqualify. Dkt. 43. The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby declines to disqualify for the reasons stated herein.

**I.   PROCEDURAL HISTORY**

On August 13, 2018, Scannell filed a complaint against numerous defendants, including the United States District Court for the Western District of Washington ("WAWD"). Dkt. 1. Although Scannell's complaint is 190 pages, he basically alleges

ORDER - 1

that it is unconstitutional to require him to be a member of the Washington State Bar Association in order to run for a Washington Supreme Court position.

On September 6, 2018, Scannell filed a motion to refer this matter the Chief Judge for the Ninth Circuit Court of Appeals for assignment of an out of state judge. Dkt. 7. Scannell also filed a motion for temporary restraining order requesting that the Court order Washington to place his name on the ballot for the Washington State Supreme Court Position 2. Dkt. 8 at 14. On September 13, 2018, the Court declined to refer the matter as requested and instead referred the matter to the Chief Judge of this district for review. Dkt. 12. On October 9, 2018, Chief Judge Ricardo Martinez affirmed. Dkt. 27. On October 16, 2018, the Court denied Scannell's motion for temporary restraining order. Dkt. 34.

On November 8, 2018, Scannell filed a motion to disqualify the undersigned. Dkt. 43. Scannell argues that the undersigned should recuse because "Judge Settle based his ruling on a factual finding that had no support in the record nor any basis in reality, giving the appearance of having a mindset that could not be reconciled with the proposition that he was committed to hear all relevant evidence and arrive at a judicious result." *Id.* at 3.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 455(a), a "judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Federal judges also shall disqualify themselves in circumstances where they have "a

personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

Even if the Court based its ruling on one erroneous finding of fact, that finding would at most provide grounds for a motion for reconsideration. In no way does the challenged finding, even if incorrect, establish impartiality sufficient to disqualify a judge. Therefore, the undersigned declines to disqualify.

Under this Court's Local Rules, this motion is first reviewed by the challenged judge and then referred to the Chief Judge for review. Local Rules W.D. Wash. LCR 3(f). Having declined to recuse, the Clerk shall refer this motion to the Chief Judge for further review.

### III. ORDER

Therefore, it is hereby **ORDERED** that the undersign declines to disqualify. The Clerk shall refer Scannell's motion, Dkt. 43, to the Chief Judge for further consideration.

Dated this 17th day of December, 2018.

BENJAMIN H. SETTLE
United States District Judge