UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN SCANNELL,

        Plaintiff,

    v.

WASHINGTON STATE BAR ASSOCIATION, *et al.*,

        Defendants.

CASE NO. C18-5654 BHS

ORDER AFFIRMING ORDER DECLINING TO DISQUALIFY

This matter is before the Court on Plaintiff's Motion to Disqualify Judge Settle (Dkt. #43) and Judge Settle's Order Declining to Disqualify and Referring Plaintiff's Motion to Chief Judge (Dkt. #46). Plaintiff's earlier motion to have the case reassigned to an out of state judge who is not a member of the Washington State Bar Association was denied by Judge Settle and affirmed by the undersigned. Dkts. #12 and #27. Plaintiff now asserts that Judge Settle should be disqualified because his actions in the case have denied Plaintiff due process and because "Judge Settle based his ruling on a factual finding that had no support in the record nor any basis in reality." Dkt. #43 at 3. Judge Settle has denied Plaintiff's Motion to Disqualify and the matter was referred to the undersigned pursuant to Local Civil Rule 3(f).

ORDER – 1

Pursuant to 28 U.S.C. § 455(a), a "judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Federal judges also shall disqualify themselves in circumstances where they have "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Further, section 144 of title 28 of the United States Code provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980).

Plaintiff's Motion does not provide a basis for concluding that Judge Settle's impartiality might reasonable be questioned. Plaintiff's arguments are entirely based upon supposition and speculation. Moreover, Plaintiff's Motion makes clear that it is premised on disagreement with a prior ruling of the court and the procedure leading up to that ruling. "[A] judge's prior adverse

ORDER – 2

ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source."). Nothing in Plaintiff's Motion warrants disqualification.

Accordingly, the Court finds and ORDERS that Judge Settle's Order Declining to Disqualify and Referring Plaintiff's Motion to Chief Judge (Dkt. #46) is AFFIRMED.

DATED this 2nd day of January 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE