UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN SCANNELL,<br><br>             Plaintiff,<br><br>   v.<br><br>WASHINGTON STATE BAR ASSOCIATION, et al.,<br><br>             Defendants. | CASE NO. C18-5654 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS, PLAINTIFF'S MOTION FOR AN EXTENSION, AND PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT; TERMINATING SOME DEFENDANTS; AND GRANTING PLAINTIFF LEAVE TO AMEND |

This matter comes before the Court on Defendant Karen Unger's ("Unger") motion to dismiss, Dkt. 16; Defendants State of Washington ("State"), Mary Fairhurst, Steven Gonzalez, Charles Johnson, Chris Lanese, Barbara Madsen, Sheryl Gordon McCloud, Susan Owen, Debra Stephens, Charles Wiggens, Kim Wyman ("Wyman"), and Mary Yu's (collectively "State Defendants") motion to dismiss, Dkt. 19; and Plaintiff John Scannell's ("Scannell") motion for extension of time to file responses, Dkt. 28; Defendant Washington State Bar Association's ("WSBA") motion to dismiss, Dkt. 36; and Scannell's motion for permission to file an amended complaint, Dkt. 38. The Court

has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

## I. PROCEDURAL AND FACTUAL BACKGROUND

On September 9, 2010, the Washington Supreme Court disbarred Scannell from the practice of law in Washington. *In re Disciplinary Proceeding Against Scannell*, 169 Wn.2d 723 (2010). On April 23, 2012, Scannell filed a complaint in this Court requesting declaratory and injunctive relief and damages resulting from alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Sherman Anti–Trust Act ("Sherman Act"), and his civil rights under 42 U.S.C. § 1983. *Scannell v. Washington State Bar Ass'n*, Cause No. C12-0683-SJO, 2014 WL 2094502, at *2 (W.D. Wash. May 20, 2014) ("*Scannell I*"). On May 20, 2014, the Court dismissed his claims with prejudice and without leave to amend. *Id.* at *11. On December 3, 2016, the Ninth Circuit affirmed in a memorandum opinion submitted on the briefs without oral argument. *Scannell v. Washington State Bar Ass'n*, 671 Fed. Appx. 529, 531 (9th Cir. 2016).

On May 18, 2018, Scannell submitted an application to run for a position on the Washington Supreme Court. Dkt. 1 at 9, ¶ 2.10. On May 21, 2018, Unger filed a petition in Thurston County Superior Court for the State of Washington challenging Scannell's election filing. Dkt. 15-1 at 14. Unger alleged that Scannell's application violated the Washington Constitution, which provides that "[n]o person shall be eligible to the office of judge of the supreme court, or judge of a superior court, unless he shall have been admitted to practice in the courts of record of this state, or of the Territory of

Washington." Wash. Const. art. IV, § 17. The Washington Supreme Court has interpreted this clause as follows:

> We think it is clear that the Constitution meant to say that no person is eligible to the office of judge of the superior court unless he shall have been admitted to practice in the courts of record in this state, which means that he not only shall have been, but that he is, at the time he becomes a candidate or is required to qualify as such judge, entitled to practice in the courts of this state.

*State v. Monfort*, 93 Wn. 4, 7 (1916).

On June 1, 2018, Thurston County Superior Court Judge Chris Lanese granted the petition and ordered Washington Secretary of State Wyman to exclude Scannell's name from the primary and general election ballots. Dkt. 15-7 at 1–2. Scannell alleges that this order is void because its violates the relevant statute that requires all challenges "shall be heard and finally disposed of by the court not later than five days after the filing thereof." RCW § 29A.68.011. Unger filed her challenge on May 21 and Judge Lanese issued his order more than five days later on June 1. Judge Lanese's order is generally not appealable. *Parker v. Wyman*, 176 Wn.2d 212, 216 (2012) (phrase "finally disposed of by the court" means "that a decision on a ballot challenge is not appealable.").

On August 13, 2018, Scannell filed a 180-page complaint against Unger, the State Defendants, and the WSBA asserting a claim for violation of his civil rights under § 1983 and a violation of the Sherman Act. Dkt. 1. Although he doesn't explicitly set forth a RICO claim, he refers to RICO on numerous occasions.

On September 6, 2018, Scannell filed a motion to reassign the matter to an out-of-district judge. Dkt. 7. On September 13, 2018, the undersigned declined to recuse and

referred the motion to the Honorable Ricardo Martinez, Chief United States District Judge for the Western District of Washington. Dkt. 12.

On September 14, 2018, Unger moved to dismiss. Dkt. 19. On September 20, 2018, the State Defendants moved to dismiss. Dkt. 19. On October 9, 2018, Scannell filed a motion for an extension of time to file responses. Dkt. 28. On October 10, 2018, Scannell responded to both motions. Dkts. 29, 30. On October 12, 2018, the State Defendants replied. Dkt. 31. On October 17, 2018, Scannell filed a surreply. Dkt. 35.

On October 9, 2018, Chief Judge Martinez affirmed the undersigned's decision not to recuse. Dkt. 27.

On October 18, 2018, WSBA filed a motion to dismiss. Dkt. 36. On November 5, 2018, Scannell responded. Dkt. 42.

On October 22, 2018, Scannell filed an amended complaint and a motion for permission to file an amended complaint. Dkt. 38. On November 1, 2018, WSBA responded. Dkt. 39. On November 8, 2018, Scannell replied. Dkt. 44.

## II.  DISCUSSION

**A.  Motion to Amend**

On October 22, 2018, Scannell filed an amended complaint, adding some allegations related to filings in this proceeding, asserting the same claims, and adding Chief Judge Martinez and the undersigned as defendants. Dkt. 37. The Court grants the motion because it appears that Scannell may be allowed to file an amended claim as a matter of right and, at the very least, the Court should freely grant leave to amend. Fed. R. Civ. P. 15(a).

Regarding the new defendants, Scannell added Chief Judge Martinez and the undersigned in an effort to circumvent the denial of his motion to reassign the instant matter to an out-of-district judge. "Where a claim against the assigned judge is so wholly frivolous that there is no jurisdiction, the assigned judge should be able to decline to recuse and proceed with dismissing the [claims]." *Snegirev v. Sedwick*, 407 F.Supp.2d 1093, 1095 (D. Alaska 2006). Scannell's claims against Chief Judge Martinez and the undersigned are so frivolous that the Court will dismiss them for lack of subject matter jurisdiction and proceed to consider the motions to dismiss.

If claims are wholly frivolous, district courts lack subject matter jurisdiction to consider them. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (finding that district courts may dismiss frivolous complaints *sua sponte* even when a plaintiff has paid required filing fee). Judges enjoy absolute immunity from *Bivens* suits for their rulings, even if those rulings are clearly erroneous and maliciously motivated. *See, e.g., Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Stump v. Sparkman*, 435 U.S. 349, 355–57 (1978).

In this case, Scannell admits that he added Chief Judge Martinez and the undersigned in order to bring a motion to disqualify the undersigned. The Court finds that such frivolousness is subject to sua sponte dismissal and is most likely sanctionable conduct in that Scannell only aims to harass and create delay in adjudicating matters of substance. Therefore, the Court dismisses with prejudice and without leave to amend all of Scannell's claims against the United States District Court for the Western District of Washington, Chief Judge Martinez, and the undersigned.

**B.     Barred Claims**

In this case, the basis for Scannell's claims are two underlying state court judgments that Scannell alleges are void. The first judgment is the Washington Supreme Court's opinion disbarring him from the practice of law. The Court concludes that Scannell's claims based on this judgment are barred by res judicata. The second judgment is Judge Lanese's order granting Unger's petition to remove Scannell's name from the primary and general election ballots. The Court concludes that Scannell's claims based on this judgment are barred by the *Rooker-Feldmen* doctrine. Accordingly, the Court grants the State Defendants and the WSBA's motions to dismiss and dismisses the majority of Scannell's claims with prejudice and without leave to amend.

First, res judicata applies "whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between the parties." *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). "The doctrine of res judicata is meant to protect parties against being harassed by repetitive actions." *Id*. (internal citations omitted). The prior claims and present claims need not be identical; "identity of claims exists when two suits arise from the same transactional nucleus of facts." *Id*. (internal quotations omitted).

In this case, Scannell asserts identical claims under § 1983, RICO, and the Sherman Act that were dismissed in his prior action. There is an identity of claims because his current claims arise from the same transactional nucleus of facts as his previous claims challenging membership in the WSBA as a prerequisite to practice law in Washington. *See Scannell*, 671 Fed. Appx. at 530 ("The district court lacks subject

matter jurisdiction to decide Scannell's claims for relief under § 1983, RICO," and the "state action doctrine bars Scannell's antitrust claims"); Dkt. 37 at 178–179 (Scannell seeks a permanent injunction against defendants preventing them "from interfering with Scannell's practice of law or attempts to obtain his law license by requiring membership . . . to the WSBA"). There was a final judgment on the merits. *Scannell*, 671 Fed. Appx. at 530. There is privity of parties because Scannell alleges that the WSBA and that the other defendants control the WSBA. Dkt. 39 at 178–79; *Tahoe-Sierra Pres. Council*, 322 F.3d at 1081 ("Even when the parties are not identical, privity may exist if there is substantial identity between parties, that is, when there is sufficient commonality of interest." (internal quotations omitted)). Therefore, to the extent that Scannell is asserting claims related to his disbarment, the claims are barred by res judicata.

Second, Scannell asserts claims related to Judge Lanese's order removing his name from the Washington state ballots because Scannell had been disbarred or, more appropriately, was not licensed to practice law in Washington. The *Rooker–Feldman* doctrine takes its name from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "Under *Rooker–Feldman*, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). "[W]hen a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden de facto appeal." *Id.* at 1156. Moreover, "[o]nce a federal plaintiff seeks to

bring a forbidden de facto appeal, as in *Feldman*, that federal plaintiff may not seek to litigate an issue that is 'inextricably intertwined' with the state court judicial decision from which the forbidden de facto appeal is brought." *Id.* at 1158.

Scannell's de facto appeal of Judge Lanese's order is obvious from the face of his complaint. Scannell seeks "injunctive relief against the defendants from enforcing Judge Lanese's void order." Dkt. 37 at 179–80. To the extent Scannell argues that Judge Lanese's order is void, the Court finds that any argument seeking to void the order is a de facto appeal. Although an appeal of Judge Lanese's order is generally forbidden, the Washington Supreme Court has invoked its inherent power to review similar election disputes. *Parker*, 176 Wn.2d at 217 (accepting review of superior court order denying petition to remove individual from ballots). Thus, the proper avenue of appeal is through the Washington courts and then to the United States Supreme Court. *Noel*, 341 F.3d at 1155 ("A party disappointed by a decision of the highest state court in which a decision may be had may seek reversal of that decision by appealing to the United States Supreme Court.") Such an appeal would have included the argument that Judge Lanese failed to timely rule on Unger's petition within the time limit prescribed by the election statute. Accordingly, the Court grants the motions to dismiss on Scannell's claims seeking to set aside Judge Lanese's order.

To the extent that Scannell seeks a declaration that an official or entity may not enforce Judge Lanese's void order, the Court finds that these claims are inextricably intertwined with his de facto appeal. Scannell must first establish that Judge Lanese's order is void in order to argue that it should not be enforced. Therefore, the Court grants

the motions to dismiss on Scannell's claims regarding enforcement of Judge Lanese's order.

**C.     Other Claims and Appropriate Relief Against WSBA and State Defendants**

Upon review of the complaint and Scannell's prior litigation history, it is a rational inference that Scannell's complaint is intentionally verbose, confusing, and drafted in a such a way as to only increase the costs of litigation. Nonetheless, the Ninth Circuit has found an abuse of discretion when this Court failed to thoroughly appease a similar litigant referenced in Scannell's complaint, William Scheidler. *See Scheidler v. Avery*, 599 Fed. Appx. 688 (9th Cir. 2015) ("the district court abused its discretion in dismissing the first amended complaint without leave to amend."). "A district court should not dismiss a pro se complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted). Thus, the Court will assess what claims, if any, remain and whether leave to amend should be granted.

To the extent any claim remains against the Washington Supreme Court Justices or Judge Lanese, the Court dismisses any claim with prejudice because they are entitled to judicial immunity. *Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (state circuit judge is immune from suit for all actions within his or her jurisdiction). No amendment will overcome this immunity. *See, e.g.*, *Scannell I*, Dkt. 68 ("The Court also finds based on the facts alleged that Plaintiff cannot possibly amend his Complaint in a way that would create legally cognizable claims against Judicial Defendants. Plaintiff's claims against Judicial Defendants are therefore DISMISSED WITHOUT LEAVE TO AMEND.").

Therefore, Scannell's claims against these defendants are dismissed with prejudice and without leave to amend.

Regarding Wyman, the Court finds that it is not absolutely clear what other claims Scannell asserted against her. Thus, the claims may be dismissed for failure to state a claim. Fed. R. Civ. P. 12(b)(6). Moreover, it is not absolutely clear whether these claims could be cured with any amendment. Therefore, the Court grants Wyman's motion, dismisses Scannell's claims against Wyman without prejudice, and grants Scannell leave to amend his claims against Wyman.[1]

Regarding the State, the Court finds that it is not absolutely clear what other claims Scannell asserted against it. For example, Scannell could be presenting a facial challenge to RCW § 29A.68.011. It is clear, however, that such claims should be dismissed for failure to state a claim. Fed. R. Civ. P. 12(b)(6). It is not absolutely clear whether these claims could be cured with any amendment. Therefore, the Court grants the State's motion, dismisses Scannell's claims against the State without prejudice, and grants Scannell leave to amend his claims against State.

Regarding the WSBA, Scannell asserts at least one clear claim even though others may be unclear. Scannell asserts that the requirement of membership dues as a prerequisite to practicing law violates his freedom of association. Dkt. 178–79. While it seems that Scannell lacks standing to bring this claim because he is not eligible to incur

---

[1] The Court recognizes that Wyman also moved to dismiss with prejudice on the basis of Eleventh Amendment immunity and laches, but the confusing nature of Scannell's claims prevents the Court from considering these doctrines.

such dues as a disbarred lawyer, WSBA did move to dismiss based on standing. Regardless, the Court finds that even this claim fails to assert sufficient allegations to overcome the motion to dismiss. Fed. R. Civ. P. 12(b)(6). Therefore, the Court grants WSBA's motion, dismisses Scannell's claims against the WSBA without prejudice, and grants Scannell leave to amend his claims against WSBA.

Finally, in some cases the Court must micromanage litigants that give the appearance of intending to unnecessarily increase the costs of litigation. Scannell's 180-page complaint gives such an appearance. Thus, the Court must put limits on any amended complaint, which are as follows:

1. Scannell may only name Wyman, the State, and the WSBA as defendants;
2. Scannell may not include claims that have been previously litigated or that have been dismissed with prejudice; and
3. The amended complaint shall be no longer than twenty-four (24) pages, shall comply with the formatting requirement in Local Rules W.D. Wash. LCR 10, and shall not include any footnotes.

Failure to comply with these requirements, without seeking relief or showing good cause for noncompliance, may result in the imposition of sanctions up to and including dismissal. Moreover, if the Court imposes monetary sanctions, the Court may require payment of the sanctions before proceeding on the merits.

**D.    Unger's Motion**

In this case, Unger moves to dismiss arguing that nowhere "in the Complaint does the Plaintiff provide any notice as to the basis for the claim filed against her." Dkt. 16 at

3. Such an argument places the burden on Scannell to specifically identify the allegations in the complaint that meet the requirements of "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Scannell fails to do this, and instead responds that "he opposes [Unger's] dismissal at this time" and launches into arguments relating to immunities and the actions of other defendants. Dkt. 30. None of these arguments overcome his failure to identify the factual allegations that support his claims or even what claims he asserts against Unger. Therefore, the Court grants Unger's motion to dismiss.

Regarding leave to amend, it is unclear whether any amendment could cure the deficiencies in the complaint. From a general perspective, it is unfortunate that Scannell included Unger in this complaint because, purely related to this matter, she appears to be a registered voter exercising her rights under state law. Now, she must expend her resources defending against claims that cannot even be articulated. Regardless, the Court must dismiss Scannell's claims without prejudice and with leave to amend. *Mesa*, 698 F.3d at 1212. Scannell may include Unger in any amended complaint. The Court, however, informs Scannell that frivolous claims against Unger **will** result in sanctions because voters should not be subjected to vexatious litigation simply for challenging the accuracy of the State's ballots.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Unger's motion to dismiss, Dkt. 16, the State Defendants' motion to dismiss, Dkt. 19, Scannell's motion for extension of time to

| | |
|---|---|
| 1 | file responses, Dkt. 28, WSBA's motion to dismiss, Dkt. 36, and Scannell's motion for |
| 2 | permission to file an amended complaint, Dkt. 38, are **GRANTED**. |

Scannell's claims against Chief Judge Martinez, the undersigned, the United States District Court for the Western District of Washington, Mary Fairhurst, Steven Gonzalez, Charles Johnson, Chris Lanese, Barbara Madsen, Sheryl Gordon McCloud, Susan Owen, Debra Stephens, Charles Wiggens, and Mary Yu are **DISMISSED with prejudice** and the Clerk shall terminate these defendants.

Scannell's claims against the State, Wyman, and Unger are **DISMISSED without prejudice** and with leave to amend. Scannell may filed an amended complaint as stated herein no later than January 31, 2019.

Dated this 18th day of January, 2019.

_____
BENJAMIN H. SETTLE
United States District Judge